UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RICHARD D. MURRAY,**

    **Petitioner,**

v.                                                                    Case No. 8:18-cv-282-T-35JSS

**SECRETARY, DEPARTMENT
OF CORRECTIONS,** *et al.***,**

    **Respondents.**
_____/

**O R D E R**

This cause is before the Court on Petitioner Richard D. Murray's *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1) Upon consideration of the petition, the response and supplemental response opposing the petition as time-barred (Doc. 16 and 18), and Murray's reply (Doc. 21), and in accordance with the Rules Governing 2254 Cases in the United States District Courts, it is **ORDERED** that the petition is **DISMISSED AS TIME-BARRED**:

**PROCEDURAL HISTORY**

A jury found Murray guilty of robbery in state court and the trial court sentenced him to 15 years. (Doc. 16-2 Exs. 4, 5) The state appellate court affirmed the conviction and sentence. (*Id.* Ex. 8) Murray filed several state post-conviction petitions which were denied. (Doc. 16-2, Exs. 11, 12, 14, 15); (Doc. 18-2, Exs. 22, 24)

Murray then filed a federal habeas petition in the Northern District of Florida. (Doc. 1) The district court in the Northern District of Florida transferred the case to this district. (Doc. 3) This Court preliminarily reviewed the petition and dismissed it without

1

prejudice. Order, *Murray v. Sec'y, Dep't Corrs.*, No. 8:16-cv-1315-MSS-MAP (M.D. Fla. June 12, 2017), ECF No. 8. The Court was unable to determine from the pleading whether the case was a civil rights action or a habeas corpus action. *Id.* at 3. The Court ordered Murray to commence a new case with forms provided. *Id.* at 4.

Seven months later, Murray filed the federal habeas petition in this case. (Doc. 1) The Court ordered Murray to respond to show why the petition should not be dismissed as untimely. (Doc. 7) After Murray responded (Doc. 12), the Court ordered Respondent to respond to the petition. (Doc. 14)

Respondent argued that the petition was untimely. (Doc. 16) The Court ordered Respondent to supplement its response and address how a state post-conviction petition that Murray filed in Volusia County impacts the timeliness of the federal petition. (Doc. 17) Respondent filed a supplemental response and argued that the federal petition is untimely even with statutory tolling for the state petition in Volusia County. (Doc. 18)

## ANALYSIS

**I.     Statute of Limitations**

Because Murray filed his petition after the enactment of the Antiterrorism and Effective Death Penalty Act, AEDPA applies. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The petition is subject to a one-year statute of limitations under AEDPA. 28 U.S.C. § 2244(d). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The period is tolled for "[t]he time during

which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

On August 14, 2013, the state appellate court affirmed Murray's conviction and sentence without a written opinion. (Doc. 8) The state supreme court did not have jurisdiction to review the unelaborated decision. *Jenkins v. State*, 385 So. 2d 1356, 1360 (Fla. 1980) (citing Fla. Const., art. V, §3(b)(3)). This was a clear constitutional bar to higher state court review. *Pugh v. Smith*, 465 F.3d 1295, 1299 (11th Cir. 2006). Murray could only have sought further review in the U.S. Supreme Court. *Id.* Murray did not do so, and the time to seek that review expired 90 days later on November 12, 2013. Sup. Ct. R. 13.1. The next day, the federal habeas limitations period started to run. Fed. R. Civ. P. 6(a)(1)(A) (excluding the day of the event that triggers the period); *Bates v. Sec'y, Dep't Corrs.*, 964 F.3d 1326, 1329 (11th Cir. 2020).

The limitations period continued to run until Murray filed a state habeas petition on November 3, 2014[1]. (Doc. 18-2 Ex. 22) At that point, 355 days had run on the limitations period. Even though the petition was filed in Volusia County where Murray was incarcerated — instead of Hillsborough County where he was convicted — and raised claims that should have been raised in a post-conviction motion, (Doc. 18-2 Ex. 22), the petition was still properly filed and tolled the limitations period. *Thompson v. Sec'y, Dep't Corrs.*, 595 F.3d 1233, 1237 (11th Cir. 2010). The post-conviction court dismissed the petition on September 25, 2015. (Doc. 24) Murray did not appeal the order of dismissal, and the time to appeal expired 30 days later on October 26, 2015. Fla. R. App. P. 9.110(b); Fla. R. App. P. 9.420(e); Fla. R. Jud.

---

[1] The prison mailbox rule applies to *pro se* inmate filings in Florida courts. *Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000).

3

Admin. 2.514(a)(1)(C) (explaining that if last day is Sunday then period runs until next day that is not Saturday, Sunday, or legal holiday). The federal habeas limitations period started to run again the next day. *Cramer v. Sec'y, Dep't Corrs.*, 461 F.3d 1380, 1383 (11th Cir. 2006).

The limitations period continued to run another 10 days. The last day to file the federal petition was on November 6, 2015. Murray filed his federal habeas petition on January 25, 2018. Barring any other intervening, tolling pleadings, the federal petition is time-barred. (Doc. 1); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (prison mailbox rule).

Murray filed other post-conviction petitions in state court. Murray filed a state habeas petition in the state appellate court on February 23, 2016. (Doc. 16-2 Ex. 11) Murray filed an extraordinary writ petition in the state supreme court on February 29, 2016. (Doc. 16-2 Ex. 14) Neither tolled the limitations period because both were filed after the limitations period expired. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004).

In his petition, Murray argues that the date that he filed the prior federal petition in the Northern District of Florida controls. (Doc. 1 at 14) Petitioner filed the prior dismissed petition on April 16, 2016, (Doc. 16-2 Ex. 17), also after the limitations period expired. Thus, the petition is still time-barred.

## II.     Equitable Tolling

In his response (Doc. 12) to the Court's initial show cause order (Doc. 7), Murray also explains that he has a ninth-grade education and no legal training. (Doc. 12 at 1)

4

Murray claims he received notice that, if he had filed his state petition in Hillsborough County, the petition would have been a timely post-conviction motion. (*Id.*) Murray claims to have lost that notice during a shakedown and placement in solitary confinement in prison. (*Id.*) The state petition remained pending in Volusia County until after the one-year limitations period expired. (*Id.*)

The one-year statute of limitations under AEDPA is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Murray must show that "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649 (quotations omitted). Equitable tolling is "an extraordinary remedy limited to rare and exceptional circumstances and typically applied sparingly." *Cadet v. Fla. Dep't Corrs.*, 853 F.3d 1216, 1221 (11th Cir. 2017) (citation and quotations omitted).

The fact that Murray filed his state habeas petition in Volusia County — not Hillsborough County — does not justify equitable tolling. Murray is entitled to statutory tolling for the state petition filed in Volusia County. Even with statutory tolling, the federal petition is still untimely.

Murray's lack of education and legal training is not an extraordinary circumstance that justifies equitable tolling. *Johnson v. United States*, 544 U.S. 295, 311 (2005); *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005). After the limitations period expired, Murray continued to file state petitions in state court. Nothing that was beyond his control prevented him from filing a federal petition in federal court. *San Martin v. McNeil*, 633 F.3d 1257, 1271 (11th Cir. 2011).

5

Consequently, his claim of incapability or incompetence is belied by his own actions in pursuing his state court rights.

Concerning his federal limitations period, Murray allowed 355 days to run on the limitations period before filing his state habeas petition in Volusia County. That left Murray only 10 days to file a federal petition after state post-conviction proceedings concluded. Even after he learned that the state petition in Volusia County was dismissed, Murray allowed the limitations period to expire and waited six months before filing the federal petition in the Northern District of Florida. (Doc. 16-2 Ex. 17) At that point the limitations period had already expired. After this Court dismissed that first federal petition, Murray waited seven more months before filing the federal petition in this case. A total of two years and three months passed between the date that the limitations period expired and the date that Murray finally filed the federal petition in this case. Because he failed to diligently pursue his rights and does not offer any extraordinary circumstance to excuse the delay, Murray is not entitled to equitable tolling. *Melson v. Comm., Ala. Dep't Corrs.*, 713 F.3d 1086, 1089-90 (11th Cir. 2013); *Diaz v. Sec'y Dep't Corrs.*, 362 F.3d 698, 702 (11th Cir. 2004); *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004).

Accordingly, it is **ORDERED** that Murray's petition (Doc. 1) is **DISMISSED AS TIME-BARRED**. The **CLERK** is directed to enter a judgment against Murray and to **CLOSE** this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

**IT IS FURTHER ORDERED** that Murray is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement

6

to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a court must first issue a certificate of appealability. Section 2253(c)(2) limits the issuing of a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Murray must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because the petition is clearly time-barred and he fails to show that reasonable jurists would debate timeliness, Murray is not entitled to a certificate of appealability and he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Murray must obtain permission from the circuit court to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida on this 13th day of August, 2020.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE